|  |  |
|---|---|
| JESSE DANIEL ROBARDS and<br>TAMARA LASHAE ROBARDS,<br>    Plaintiffs,<br><br>v.<br><br>RONALD THURMAN, Judge<br>    Defendant. | Case No. 2:25-cv-00057<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

To:     The Honorable Waverly D. Crenshaw, Jr., District Judge

### **REPORT AND RECOMMENDATION**

*Pro se* Plaintiffs, Jesse Daniel Robards and Tamara Lashae Robards, filed their 42 U.S.C. § 1983 complaint against Defendant, Judge Ronald Thurman, on June 2, 2025 (Doc. No. 1). Defendant appeared to have been served on July 9, 2025 (Doc. No. 6). Because the docket reflected no substantive activity since July 9, 2025 and no procedural activity since the referral order issued on November 14, 2025 (Doc. Nos. 6-7), the Court ordered Plaintiffs to show cause before June 18, 2026 why this case should not be dismissed for failure to prosecute (Doc. No. 8).[1] To date, Plaintiffs have not responded to the Show Cause Order or taken any other action to move this litigation forward since July 9, 2025.

Rule 41(b) allows for dismissal of a case for failure to prosecute, and "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (unpublished opinion) (citation omitted). Whether the Court should dismiss this case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced

---

[1]     The Court's Show Cause Order explicitly made no comment on the sufficiency of service on Defendant (Doc. No. 8).

by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors concerning prejudice and sanctions are not applicable given the posture of the case, but the docket shows a clear record of delay that supports dismissal. That is, because Plaintiffs have not responded to the Show Cause Order (Doc. No. 8) or otherwise moved the case forward in the past year, dismissal for failure to prosecute is an appropriate remedy.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully recommends dismissing this case under Rule 41(b) for failure to prosecute.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of June, 2026.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge